[No. A091934. First Dist., Div. Four. June 10, 2002.]

HARRY W. LOW, as Insurance Commissioner, etc., Plaintiff, v.
GOLDEN EAGLE INSURANCE COMPANY, Defendant and Respondent;
METABOLIFE INTERNATIONAL, INC., Claimant and Appellant.

**COUNSEL**

Dennis Neil Jones for Claimant and Appellant.

Richard Patrick Edwards and Cynthia Joy Larsen for Defendant and Respondent.

**OPINION**

**SEPULVEDA, J.**—Metabolife International, Inc. (claimant), as an insured, appeals from a superior court ruling denying its application for an order to show cause why defendant Golden Eagle Insurance Company (Golden Eagle), claimant's insurer in conservation, should not be required to honor its request to provide a defense in a third party lawsuit for damages filed against it by a consumer of one of its products. We affirm.

## FACTS

Claimant manufactures and sells appetite suppressants and other diet products. Beginning in August 1996, Golden Eagle issued claimant a commercial general liability policy of insurance. In August 1999, one Yolanda Perez filed a complaint in the San Diego County Superior Court, denominated "Class Action Complaint for Damages and Injunctive Relief," against claimant. (*Perez v. Metabolife International, Inc.* (Super. Ct. San Diego County, No. GIC 733138) (*Perez*).) Claimant tendered the defense of the *Perez* litigation to Golden Eagle, asserting the insurer was under a duty to provide a defense for its insured in that litigation under the terms of the general liability policy. The Commissioner of Insurance, as Golden Eagle's conservator in the liquidation proceedings, rejected the defense tender on the ground that "the claims being made in this [underlying *Perez*] lawsuit do not qualify as 'bodily injury' claims as defined in the policy."[1] Claimant then sought judicial relief, filing an application for an order to show cause with the San Francisco Superior Court, the procedure and venue for all such proceedings involving Golden Eagle in liquidation. (See Ins. Code, § 1032.) Following briefing and oral argument, the trial court denied the application in light of the class action nature of the *Perez* litigation. It was on that ground, the trial court reasoned, that there was "no possibility . . . there is coverage under the allegations of the complaint. A class action is a special type of case and if one or more of the plaintiffs opts out and pursue their case on their own, the case becomes completely changed in character. For this reason, the reasoning and holding in *Gray v. Zurich* [*Insurance Co.* (1966) 65 Cal.2d 263 [54 Cal.Rptr. 104, 419 P.2d 168]] do not require a defense in this action." This appeal by claimant from the order denying its application is timely.

## ANALYSIS

■ Counsel for claimant asserts the trial court erred as a matter of law because the *Perez* lawsuit was never certified as a class action.[2] Not being certified, the action never attained the status of a class action lawsuit;

[1]As relevant here, the liability policy at issue provides insurer "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." In rejecting claimant's request for a defense, the commissioner reasoned that because the *Perez* action sought recovery of only economic damages, no duty to defend arose. See discussion, *post.*

[2]We grant claimant's request to judicially notice proceedings in both the *Perez* action and in *Gasperoni v. Metabolife International, Inc.* (E.D.Mich. Sept. 27. 2000, No. 00-71255), pending as of June 10, 2002) a nationwide class action pending in the United States District Court for the Eastern District of Michigan. (Evid. Code, § 452.) We are advised by claimant that the San Diego Superior Court, where the *Perez* action was laid, denied plaintiff's motion

instead, it continued as a suit for damages by the plaintiff in her individual capacity. "A lawsuit is not a class action," counsel tells us, "merely because the plaintiff chooses to affix that label to her pleading." The insurer in liquidation urges an alternative, separate ground in support of affirmance. It points to the allegations in the underlying third party *Perez* complaint seeking recovery solely for economic losses sustained by plaintiff and the class members, which include a disclaimer of damages for personal injury by the lead plaintiff (on behalf of herself and the class). On these twin grounds, Golden Eagle argues there was no possibility of coverage, and no related duty to defend under the policy's coverage exclusion for economic losses.

The *Perez* complaint exhibits two features relevant to our inquiry. First, it is shot through with class action allegations that transcend the plaintiff's individual experience with claimant's products; indeed, the great bulk of the 17-page pleading is devoted, not to allegations respecting the named plaintiff and her asserted injuries, but to class action allegations. Of the 61 paragraphs of allegations in the *Perez* complaint, only one—paragraph 6—sets forth allegations particular to Ms. Perez and unrelated to class action issues.[3] It is unmistakably clear, in short, that the *Perez* lawsuit was filed in the hope of achieving certification and class action status. Contrary to counsel's assertion that the *Perez* proceeding was "an individual action with class action allegations," the complaint demonstrates it was a class action with *an* individual allegation. Second, and related to the first point, although there is an allegation to the effect the third party plaintiff, Ms. Perez, sustained personal injuries as a result of ingesting claimant's product, no claim for recovery of damages for those alleged injuries is asserted in the complaint. Instead, the following statement appears in paragraph 9: "Plaintiff expressly disclaims seeking recovery for personal injuries attributable to the use of consumed [*sic*] the appetite suppressant Metabolife 356 and other diet drug products containing ephedrine in this class action. Plaintiff and the members of class [*sic*] preserve [*sic*] their rights to pursue claims for personal injuries arising from their use of the diet drugs [*sic*] products in other litigation."[4]

In support of the claimed duty to defend under its liability policy with Golden Eagle, claimant argues not only that the uncertified *Perez* lawsuit

---

to certify the proceeding as a class action and that a renewed certification motion was stayed by the trial court pending the conclusion of settlement proceedings in *Gasperoni*.

[3]"Plaintiff Yolanda Perez is an adult resident of the County of San Diego in the State of California. During the class period stated herein, plaintiff Yolanda Perez has purchased and consumed Metabolife 356 which were [*sic*] manufactured and distributed by the defendants named herein, without disclosure to her that these diet drugs were extremely dangerous to her health."

[4]The implicit rationale for this limitation on the relief sought is, again, the hope for class action certification; because personal injury claims vary from individual to individual, they are rarely certified as class actions because they lack the requisite "commonality." (See, e.g., *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1123 [245 Cal.Rptr. 658, 751 P.2d 923].)

continued as the individual plaintiff's action for damages, but that the complaint could easily have been amended to assert claims for the recovery of damages for bodily injuries allegedly inflicted by claimant's product, thus falling squarely within policy coverage and supporting a duty to defend. On this analysis, then, the third party complaint would have presented a " 'conceivable theory rais[ing] a[n] . . . issue which could bring it within the policy coverage.' " (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 300 [24 Cal.Rptr.2d 467, 861 P.2d 1153] (*Montrose*).)

■ We are aware, of course, and not unmindful of the familiar proposition that "the duty to defend is broader than the duty to indemnify." (*Montrose, supra,* 6 Cal.4th at p. 299; see also *Horace Mann Ins. Co. v. Barbara B.* (1993) 4 Cal.4th 1076, 1086 [17 Cal.Rptr.2d 210, 846 P.2d 792].) As a result, questions over the scope of insurance coverage do not in themselves necessarily excuse an insurer from a duty to defend a third party lawsuit against its insured. (*Horace Mann Ins. Co. v. Barbara B., supra,* 4 Cal.4th at p. 1086.) Indeed, as the California high court has succinctly put it, the duty to defend is excused only where "the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage." (*Gray v. Zurich Insurance Co., supra,* 65 Cal.2d 263 at p. 276, fn. 15.) In other words, "the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot." (*Montrose, supra,* 6 Cal.4th at p. 300, italics omitted.)

■ That statement of the governing standard, however, is qualified by the commonsense proposition that "[a]n insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date . . . . Thus, the issue[] . . . [is] what facts [the insurer] knew at the time [insureds] tendered the defense of the [underlying] lawsuit, both from the allegations on the face of the third party complaint, and from extrinsic information available to it at the time; and whether these known facts created a potential for coverage under the terms of the [p]olicy." (*Gunderson v. Fire Ins. Exchange* (1995) 37 Cal.App.4th 1106, 1114 [44 Cal.Rptr.2d 272] (*Gunderson*), italics omitted; see also *Hurley Construction Co. v. State Farm Fire & Casualty Co.* (1992) 10 Cal.App.4th 533, 538 [12 Cal.Rptr.2d 629] (*Hurley*) ["Our Supreme Court, anticipating imaginative counsel and the likelihood of artful drafting, has indicated that a third party is not the arbiter of the policy's coverage. [Citations.] A corollary to this rule is that the insured may not speculate about unpled third party claims to manufacture coverage"].)

We think these latter precedents are in point in the circumstances presented on this record. As noted, *ante,* the *Perez* complaint is not only

couched overwhelmingly in class action terms, but the named plaintiff expressly disclaims any interest in seeking recovery of damages for her alleged personal injuries, despite that fact that such an allegation is required to trigger coverage and a related duty to defend under the policy. All told, we think these features take the case beyond even the enlarged pale cast by such duty to defend cases as *Gray* and *Montrose*. True, the complaint is subject to amendment, if leave to do so is granted by the trial court. However, given the nature of the *Perez* action as gleaned from the un-amended complaint, revisions to that pleading to eliminate the class action allegations and revoke the plaintiff's disclaimer of any interest in seeking damages for personal injury would in effect substitute one cause of action for another. We think that amounts to speculating about unpled causes of action and runs afoul of the rule enunciated in such cases as *Gunderson* and *Hurley*, cited above, as limiting the sweep of the rule of *Gray* and *Montrose*.[5]

## CONCLUSION

The order of the superior court denying claimant's application for an order to show cause is affirmed.

Kay, P. J., and Reardon, J., concurred.

A petition for a rehearing was denied July 10, 2002.

---

[5]In passing, we note that if the plaintiff in the *Perez* litigation does succeed in amending the complaint along the theoretical lines mentioned above, the insured could retender to its insurer the duty to defend issue.