**NOT FOR PUBLICATION**

## FILED

UNITED STATES COURT OF APPEALS

JAN 27 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC., | No.   15-55227 |
| Plaintiff-Appellee, | D.C. No. 3:12-cv-02742-BAS-KSC |
| v. | |
| DARWIN SELECT INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted January 11, 2017
Pasadena, California

Before:  TALLMAN and FRIEDLAND, Circuit Judges, and FABER,[**] Senior District Judge.

In this insurance coverage dispute, Millennium Laboratories, Inc. alleged

that its liability insurer, Darwin Select Insurance Company, had a duty to defend it

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David A. Faber, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

against two third-party lawsuits (which we refer to as *Ameritox* and *Calloway*[1]) and that Darwin denied coverage in bad faith. The district court denied Darwin's cross-motion for summary judgment on its duty to defend, and it denied both parties' motions for summary judgment on Millennium's claim that Darwin breached its implied duty of good faith and fair dealing by denying coverage unreasonably. The case went to trial, and the jury found in favor of Millennium. Darwin appealed. We affirm in all but one respect.

**Darwin's Duty to Defend**

We affirm the district court's order granting partial summary judgment to Millennium on Darwin's duty to defend, which we review de novo. *See Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996). Darwin was obligated to defend Millennium if it was at least possible that the policy covered claims in *Ameritox* and *Calloway*. *See, e.g.*, *Delgado v. Interinsurance Exch. of Auto. Club of S. Cal.*, 211 P.3d 1083, 1086 (Cal. 2009).

The claims against Millennium potentially fell within the policy's coverage for personal and advertising injury, which included coverage for claims of disparagement. Darwin knew that Millennium had been involved in several

---

[1] *See Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 11-775 (M.D. Fla. filed Apr. 8, 2011); *Millennium Labs., Inc. v. Calloway Labs., LLC*, No. 1084CV3496 (Mass. Super. Ct. filed Sept. 2, 2010).

2

similar legal disputes and that its sales team had allegedly told customers that competitors' businesses were illegal, among other things. Darwin indeed knew that such allegations against Millennium had been made in *Calloway* itself, at least with respect to events prior to Darwin's policy. When Darwin learned that Millennium's general counsel had allegedly made aggressive and insulting statements about competitors in a presentation to sales employees during the Darwin coverage period, it should have realized that Millennium faced potential disparagement claims. *See, e.g.*, *Eigner v. Worthington*, 66 Cal. Rptr. 2d 808, 815 (Ct. App. 1997).[2]

The policy's prior noticed claims exclusion did not bar coverage, despite the fact that Millennium had reported other claims in the *Ameritox* and *Calloway* cases to its previous insurer. Millennium could not have reported the events underlying the potential disparagement claims to a previous insurer because those events occurred during the Darwin policy period. In addition, Darwin points to no precedent for applying a prior noticed claims exclusion in the context of occurrence-based coverage. Because exclusions must be interpreted narrowly, *Minkler v. Safeco Ins. Co. of Am.*, 232 P.3d 612, 617 (Cal. 2010), the exclusion

---

[2] At oral argument, Darwin suggested for the first time that Ameritox intentionally made no disparagement claim. We do not consider that new argument now. *See, e.g.*, *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012).

here did not relieve Darwin of its duty to defend.

## Breach of the Implied Covenant of
## Good Faith and Fair Dealing; Jury Instructions

Darwin appeals the order denying its motion for summary judgment of Millennium's claims for breach of the implied covenant of good faith and fair dealing. We have no jurisdiction to review that order. *See Ortiz v. Jordan*, 562 U.S. 180, 183–84 (2011). We therefore dismiss this aspect of Darwin's appeal.

Darwin's good or bad faith was, however, the subject of the district court's order denying Darwin's motion for judgment as a matter of law. We review de novo, *see Lakeside-Scott v. Multnomah Cty.*, 556 F.3d 797, 802 (9th Cir. 2009), and we affirm. Millennium's evidence, when considered in a favorable light, *see id.*, showed that Darwin anticipated denying the claims from the outset: it assigned the claims to an inexperienced employee who at first recommended further investigation, but Darwin conducted no real investigation and instead hired outside counsel in anticipation of a lawsuit. This evidence supported the verdict.

We also affirm the district court's jury instructions and statements in voir dire, which we review for an abuse of discretion. *Mockler v. Multnomah Cty.*, 140 F.3d 808, 812 (9th Cir. 1998); *Paine v. City of Lompoc*, 160 F.3d 562, 564 (9th Cir. 1998). Although the district court told the jury that it had already "been determined" that Darwin wrongly denied coverage, jurors heard repeatedly from the parties and the district court that their job was to decide whether Darwin had

4

acted unreasonably or in bad faith, not whether Darwin should have defended Millennium.

**Termination of Darwin's Duty to Defend in *Ameritox***

We review de novo the district court's denial of Darwin's request to terminate its duty to defend Millennium in *Ameritox* because it is an interpretation of the policy's coverage requirements. *See Stanford Ranch*, 89 F.3d at 624.

An insurer's duty to defend may extend to an appeal on reasonable grounds, if a potentially covered claim remains. *Ins. Co. of N. Am. v. Nat'l Am. Ins. Co.*, 43 Cal. Rptr. 2d 518, 525 (Ct. App. 1995). Similarly, an insurer may have a duty to pay for post-trial motions. *Prichard v. Liberty Mut. Ins. Co.*, 101 Cal. Rptr. 2d 298, 306–07 (Ct. App. 2000). Here, however, by the time Millennium appealed and moved for a new trial, it was plain that the case contained no potentially covered claims. Ameritox did not press a disparagement claim, the jury never awarded damages for disparagement, and Ameritox did not appeal or move for a new trial. There was no evidence that an amendment to add a disparagement claim was likely. If the *Ameritox* litigation is ever reinitiated and Millennium again faces a potentially covered claim, it could then request a defense. *See Low v. Golden Eagle Ins. Co.*, 120 Cal. Rptr. 2d 827, 831 n.5 (Ct. App. 2002). Darwin's duty to defend therefore terminated with the June 16, 2014 judgment in *Ameritox*. We reverse this one aspect of the district court's decisions.

**Summary**

The district court's order granting partial summary judgment is affirmed, as are its orders denying judgment as a matter of law, jury instructions, and statements in voir dire. Darwin's appeal of the order denying summary judgment is dismissed. The order denying Darwin's motion to terminate its duty to defend in *Ameritox* is reversed, and the case is remanded with instructions that Darwin's duty to defend be terminated as of June 16, 2014, and for all other proceedings consistent with our holdings here.

**DISMISSED in part, AFFIRMED in part, REVERSED in part, and REMANDED.**